IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GREEN VALLEY SPECIAL UTILITY
DISTRICT,
                          **Plaintiff,**

-vs-                                          Case No.  A-16-CA-627-SS

CITY OF CIBOLO, TEXAS,
                          **Defendant.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant's Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) [#4], Plaintiff's Response [#7] in opposition, and Defendant's Reply [#8] in support.  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to dismiss.

Plaintiff Green Valley Special Utility District (Green Valley) brings this suit against Defendant, the City of Cibolo, Texas (the City), claiming the City is attempting to illegally provide a sewer service to customers within Green Valley's certified district.  *See* Orig. Compl. [#1] ¶ 9. Green Valley has a loan from the United States Department of Agriculture (USDA) under 7 U.S.C. § 1926, which is secured by revenues from its water service.  *See id.* ¶ 6.  The record is unclear whether the loan funds Green Valley's water or sewer service or both.  Green Valley argues the City violates Section 1926(b), which protects indebted associations such as Green Valley.  Section 1926(b) states: "[t]he service provided or made available through [an association] shall not be



curtailed or limited." Because the Court finds "[t]he service" refers to Green Valley's funded service, not its collateralized water service, and Green Valley has failed to plead which service is funded by the USDA loan, the Court grants the City's Motion to Dismiss.

## I.  Background

Both state and federal law govern the right to sell water and sewer services to the public in Texas. The Texas Public Utility Commission (PUC) issues applicants Certificates of Convenience and Necessity (CCNs), which grant exclusive rights to provide water or sewer utility services to a specified geographic area.

In addition, 7 U.S.C. § 1926(a) authorizes the USDA to make loans and grants to nonprofit associations that provide water and sewer services in rural areas. 7 U.S.C. § 1926(a). With this statute, Congress intended to create a "very effective program of financing the installation and development of domestic water supplies and pipelines serving farmers and others in rural communities." S. Rep. No. 87-566, *as reprinted in* 1961 U.S.C.C.A.N. 2243, 2309. To protect these indebted associations, Congress included the following provision:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

7 U.S.C. § 1926(b).

Green Valley provides water and sewer services to a rural area covering parts of Guadalupe, Comal, and Bexar Counties. *See* Orig. Compl. [#1] ¶ 1. Green Valley has two CCNs allowing it to provide water and sewer services to the area. *See id.* ¶ 5. Green Valley also has an outstanding loan

from the USDA secured by revenues from its water service. *See id.* ¶ 6.

The City filed an application under Texas Water Code § 13.255 to obtain a CCN for the right to provide sewer services in an area that overlaps with Green Valley's sewer service. *See id.* ¶ 7. In its application, the City also requested the decertification of Green Valley, which would prevent Green Valley from providing sewer services in the overlapping area. *See id.*

In its Original Complaint, Green Valley asserts the City's application violates § 1926(b). *See id.* ¶ 12. In light of its outstanding loan from the USDA, Green Valley argues the City cannot curtail or limit *either* the water or the sewer service Green Valley provides in its certified areas.[1] *See id.* The City interprets § 1926(b) differently, claiming the statute protects *only* the service which secures the outstanding loan. *See* Mot. Dismiss [#4] ¶ 4.

The City now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.    Legal Standard

A motion under Rule 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer

---

[1] Green Valley also argues it has met the test an association must prove to invoke § 1926(b) protection. *See* Resp. [#4] ¶ 11. Specifically, a utility must establish: "(1) it has a continuing indebtedness to the [USDA], and (2) the City has encroached on an area to which the Utility 'made the service available.'" *N. Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 915 (5th Cir. 1996) (internal quotation marks and citation omitted). The Court agrees this is the correct analysis. But the issue before the Court today is how to interpret the meaning of "service" referred to in the second prong of the test.

possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). A court, however, is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   Analysis

Section 1926(b) states "[t]he service provided or made available through any such association shall not be curtailed or limited . . . ." The Court must determine the meaning of "the service provided or made available." 7 U.S.C. § 1926(b). The City argues the statute requires the "service" to be secured by an association's USDA loan, and because Green Valley's water service revenues provide the collateral for its USDA loan, § 1926(b) protects only its water service. *See* Mot. Dismiss [#4] ¶ 4. Green Valley, on the other hand, seems to claim "service" includes all services within a certified area, as long as the USDA has financed one of those services. *See* Resp. [#7] ¶ 5. After

analyzing the statute's plain language, the statutory and regulatory context, and the policy behind § 1926(b), the Court rejects both parties' interpretations and finds § 1926(b) protects only the service for which the loan was made—the funded service—regardless of what secures the loan.

A.      **Plain Language**

"When interpreting statutes, we begin with the plain language used by the drafters." *United States v. Uvalle-Patricio*, 478 F.3d 699, 703 (5th Cir. 2007) (internal quotation marks and citation omitted). Section § 1926(b) protects "the service provided or made available" by an association from being "curtailed or limited . . . ." The statute does not define "service."[2]

In addition, no courts within the Fifth Circuit have interpreted this phrase in this context. As the City points out, the Eighth Circuit is the only court that has addressed whether "the service provided or made available" refers "solely to the service for which a qualifying federal loan was obtained and which provides the collateral for the loan . . . or to all services that a rural district provides . . . ." *See Pub. Water Supply Dist. No. 3 v. City of Lebanon*, 605 F.3d 511, 519 (8th Cir. 2010).

In *Public Water Supply*, the plaintiff rural district asserted the defendant city violated § 1926(b). *See id.* at 514. Similar to Green Valley, the district provided both water and sewer services. *See id.* The district obtained a USDA loan for the purpose of improving its sewer system. *See id.* The district alleged the city violated § 1926(b) by providing water and sewer services within the district, claiming, as Green Valley does, the USDA loan for its sewer service also protected its

_____

[2] "Service area" is defined in the regulations as "the area reasonably expected to be served by the project." 7 C.F.R. §1780.3. This definition, however, is not useful for interpreting the statutory phrase, "the service provided or made available."

water service. *See id.* at 519.

The Eighth Circuit first looked at the statute's plain language and determined the term "'service' . . . provide[d] little insight into the interpretive question" at hand. *See id.* This Court agrees the plain language of the phrase does not resolve the issue: "service" could be interpreted to mean the collateralized service, in support of the City's position, or all services provided by the utility, as Green Valley claims. Thus, the plain language of the statute is not instructive.

### B.      Statutory and Regulatory Context

Statutes are not read in isolation; rather, "each part or section of a statute should be construed in connection with every other part or section to produce a harmonious whole." *Uvalle-Patricio*, 478 F.3d at 703 (internal quotation marks and citation omitted). Here, because Congress used both "service" and "services" throughout the statute, the Court finds "the service provided or made available" represents a single service, and cannot mean all services an association provides. *Compare* 7 U.S.C. § 1926(b) *with* 7 U.S.C. § 1926(a)(20)(E) (describing grant program for "cable operators that establish common carrier facilities and *services*") (emphasis added); *see also* 7 C.F.R. § 1782.14 (explaining § 1926(b) protects "the service area of Agency borrowers with outstanding loans . . . from loss of users due to actions or activities of other entities in the service area of *the* Agency financed *system*.") (emphasis added).

Because of the singular construction of "service," the Eighth Circuit ultimately held "'the service provided or made available' is best interpreted to include only the type of service financed by the qualifying federal loan." *Pub. Water Supply*, 605 F.3d at 520. But the court did not determine whether "the type of service financed by the qualifying federal loan" meant the funded service or the

collateralized service.  Because the district's USDA loan in *Public Water Supply* "was both for improvements to the [d]istrict's sewer system and was secured by sewer revenues," the court concluded it "need not decide whether[,]" under § 1926(b), "it is the type of service which provides the collateral for the loan or the type of service for which the loan was made that is entitled to protection." *See Pub. Water Supply*, 605 F.3d at 520 n.9.

Here, however, the facts as pleaded require the Court to make that determination.  Similar to *Public Water Supply*, Green Valley's USDA loan is secured through revenues from one of its two services: the water service. *See* Orig. Compl. [#1] ¶ 6.  But Green Valley has not pleaded whether its USDA loan funds its water or sewer service.  Thus, it is not clear from the record whether the scenario is identical to *Public Water Supply*, where the loan was secured by and funded the same service, or whether Green Valley's loan is secured by its water service but funds its sewer service.

The Court finds "the service provided or made available" refers to the funded service, not the collateralized service. The USDA's regulatory context supports this conclusion. The regulations detail possible types of collateral or security for loans under § 1926(b). *See* 7 C.F.R. §§ 1780.14(a)(1)–(3) (listing types of security for water and waste loans and grants: "(1) The full faith and credit of the borrower when the debt is evidenced by general obligation bonds; and/or (2) Pledges of taxes or assessments; and/or (3) Pledges of facility revenue . . ."), 1779.48(b) (listing types of collateral for water and waste guaranteed loans: "[g]eneral obligation bonds, revenue bonds, pledge of taxes or assessments, assignment of facility revenue, land, easements, rights-of-way, water rights, buildings, machinery, equipment, accounts receivable, contracts, cash, or other accounts or assignments of leases or leasehold interest."). Revenues from a service may not always provide the

collateral for the loan. Interpreting "service" to mean "the collateralized service" does not fit within the statutory scheme since there may not be a collateralized service in every case. Thus, the Court finds the phrase "the service provided or made available" refers to the service for which the loan was made.[3] *See* 7 U.S.C. § 1926(b).

C.     Policy

The Court's interpretation of "the service provided or made available" serves the two purposes behind § 1926: "(1) to encourage rural water development by expanding the number of potential users of such systems, thereby decreasing the per-user cost, and (2) to safeguard the viability and financial security of such associations (and [the USDA's] loans) by protecting them from the expansion of nearby cities and towns." *N. Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 915 (5th Cir. 1996).

First, protecting the funded service will incentivize associations to begin or continue providing that service and allow such associations to maintain economies of scale for that service. The purpose of the statute is not to protect an association's other services—services that are completely disconnected from any § 1926(b) loan. Extending § 1926(b) protection to services unrelated to an association's loan may even discourage rural development. Without loans funding those services, associations may not be able to efficiently provide them to their rural customers.

---

[3] This interpretation comports with other circuits' treatment of a related issue: "whether § 1926(b) protection is limited to customers receiving service from the particular project being financed by the qualifying federal loan or whether it extends to all customers receiving the type of service financed by the loan." *Pub. Water Supply*, 605 F.3d at 519 n.8. The Fourth and Tenth Circuits determined the statute protects associations' customers of the entire financed service system, not solely customers receiving services from the specific financed project. *See Bell Arthur Water Corp. v. Greenville Utils. Comm'n*, 173 F.3d 517, 524 (4th Cir. 1999); *Sequoyah Cnty. Rural Water Dist. No. 7 v. Town of Muldrow*, 191 F.3d 1192, 1198 n.5 (10th Cir. 1999). Here, the Court similarly finds § 1926(b) protection extends to the *entire* service for which the loan was made.

Preventing municipal entities from competing for those services and providing better services would only hinder rural development. *See Pub. Water Supply*, 605 F.3d at 520.

Second, the protection of the funded service will safeguard associations' financial security and the USDA's loans. Associations will not have to compete with others for the funded services. This protection from competition should not, however, extend to unfunded services. The USDA loan for that service will also be protected, especially if the security for the loan is the protected service's revenues. Yet USDA's interest will be protected even where the funded service differs from the collateralized service. Specifically, the USDA controls what will secure the loan even if § 1926(b) does not protect the collateral. *See* 7 C.F.R. §§ 1780.14 (water and waste loans "will be secured by the best security position practicable in a manner which will adequately protect the interest of [the USDA] during the repayment period of the loan."), 1779.48(b) ("Collateral must be of such a nature that repayment of the [guaranteed] loan is reasonably ensured when considered with the integrity and ability of project management, soundness of the project, and the borrower's prospective earnings.").

In its Response, Green Valley argues the Fifth Circuit's emphasis on liberally interpreting § 1926 shows the statute's protection extends to all of an association's services. *See* Resp. [#4] ¶¶ 8–9); *N. Alamo Water Supply*, 90 F.3d at 915 ("The service area of a federally indebted water association is sacrosanct. Every federal court to have interpreted § 1926(b) has concluded that the statute should be liberally interpreted to protect [USDA]-indebted rural water associations from municipal encroachment."). The Court agrees the City's interpretation—§ 1926(b) protects only the collateralized service—is too narrow given this precedent. On the other hand, Green Valley's

construction stretches the statute too far.  The Court's conclusion the statute's protection extends to the funded service adheres to Fifth Circuit authority without disregarding the statutory and regulatory context.

## IV.    Conclusion

As previously noted, Green Valley has failed to plead which service—water or sewer—is funded by the loan proceeds. *See* Orig. Compl. [#1] ¶ 6. Section 1926 protects "the service provided or made available," which, as the Court has determined, refers to the funded service.  Without pleading which service is the funded service, Green Valley has failed to sufficiently plead its claim under § 1926.  Thus, Green Valley's complaint, as pleaded,  must be dismissed.  This Court grants Green Valley leave to amend its Original Complaint to include this pertinent fact, along with anything else Green Valley deems relevant in light of the Court's opinion.

Accordingly:

IT IS ORDERED that Defendant's Motion to Dismiss [#4] is GRANTED; and

IT IS FINALLY ORDERED that all claims brought by Plaintiff in this case are DISMISSED WITHOUT PREJUDICE.  Plaintiff shall have THIRTY (30) DAYS from date of entry of this Order in which to file an amended complaint, or this case will be closed.

SIGNED this the _20th_ day of July 2016.


SAM SPARKS
UNITED STATES DISTRICT JUDGE

-10-